In re Eugene Carl **WRIGHT** a/k/a Gene Wright, Debtor.

Eugene Carl **WRIGHT** a/k/a Gene Wright, Movant,

v.

Ruthie Bell **WRIGHT**, Respondent.

Bankruptcy No. 91–30400.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

Jan. 13, 1992.

---

**6.** That allegation comes only in the brief of the debtor.

James F. DeNeen, Joplin, Mo., for movant.

W. Henry Johnson, Douglas, Johnson & Woods, Neosho, Mo., for respondent.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matter before the Court is Debtor's Motion to Avoid the Fixing of a Lien Pursuant to 11 U.S.C. § 522(f)(1). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(K). For the reasons set forth below, Debtor's Motion to Avoid the Fixing of a Lien Pursuant to Section 522(f)(1) is GRANTED.

Debtor and Ruthie Bell Wright ("Respondent") were granted a Decree of Dissolution of Marriage ("the Decree") by the Circuit Court of Newton County, Missouri on June 4, 1991. Under the Decree, Ruthie Bell Wright was awarded a judgment for $3,500 against Debtor, which judgment was made a lien against the following real estate:

> The South Half of the Northwest Quarter of the Northwest Quarter AND the West 5 acres of the Northwest Quarter of the Northwest Quarter of the Northwest Quarter all in Section 21, Township 25, Range 31, Newton County, Missouri, except any part taken or deeded for road purposes.

Pursuant to Mo.Rev.Stat. § 452.330 (1986 & Supp.1990), the Circuit Court of Newton County, Missouri concluded that the real estate was the nonmarital property of Debtor.

The evidence presented to the Court established that the above-described real estate ("the real estate") was acquired by Debtor in 1968, while Debtor was married to his first wife, Clara Wright. Debtor and Clara Wright were subsequently divorced, and Debtor was awarded title to the real estate.

In 1977, Debtor and Ruthie Bell Wright were married. During the course of their marriage, they made certain additions and improvements to the home located on the real estate. Ruthie Bell Wright's name, however, was never added to the title to the real estate.

Debtor now maintains that, pursuant to Bankruptcy Code Section 522(f)(1), he should be allowed to avoid the fixing of Respondent's lien on the real estate. Section 522(f)(1) provides, in relevant part, as follows:

> (f) Notwithstanding any waiver of exemption, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—
>
> (1) a judicial lien.

11 U.S.C. § 522(f)(1).

The evidence presented established that the real estate has been used as Debtor's homestead at all times relevant to this bankruptcy proceeding. Debtor has claimed his equity interest in the real estate as exempt pursuant to Mo.Rev.Stat. § 513.475 (1986), which allows Debtor an $8,000 homestead exemption. According to Debtor's Schedules, which have not been seriously questioned, the real estate has a value of $26,000, but is encumbered by a note and deed of trust in the amount of $22,618.86. Therefore, if Respondent's lien is allowed to attach to the real estate, Debtor's homestead exemption will be impaired.

Respondent alleges that the June 4, 1991 Decree is the document by which Debtor

acquired title to the real estate, and that it is the same document by which Respondent acquired her lien. Therefore, Respondent contends, the recent Supreme Court decision in *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), precludes Debtor from avoiding her lien pursuant to section 522(f)(1).

In *Farrey v. Sanderfoot,* the Supreme Court found that, "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(2)." *Farrey v. Sanderfoot,* —— U.S. at ——, 111 S.Ct. at 1829 (emphasis original). Thus, the critical inquiry a court must make with regard to application of section 522(f)(1) is whether the debtor possessed an interest in the property before the lien attached, which, according to the Court, is a question of state law. *Farrey v. Sanderfoot,* —— U.S. at ——, 111 S.Ct. at 1830.

Debtor owned the real estate prior to his marriage to Respondent, and the Circuit Court of Newton County, Missouri found that the real estate was Debtor's nonmarital property. I find that the evidence presented to the Court clearly establishes that Debtor possessed his interest in the real estate prior to the time at which Respondent's lien was fixed. Therefore, I conclude that the Supreme Court's decision in *Farrey v. Sanderfoot* does not preclude Debtor from avoiding Respondent's lien on the real estate.

Based on the foregoing, I find that Debtor's Motion to Avoid the Fixing of a Lien Pursuant to Section 522(f)(1) should be GRANTED.

A separate Order consistent with this Memorandum Opinion will be entered on this date.